IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BILLY WAYNE MILLER,

    Plaintiff,

v.                                No. 08-1304

OCEANSIDE POLICE DEPARTMENT and
DRUG ENFORCEMENT AGENCY,

    Defendants.

_____

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND TRANSFERRING
CASE TO THE SOUTHERN DISTRICT OF CALIFORNIA
_____

The Plaintiff, Billy Wayne Miller, brought this action seeking an order to set aside an administrative forfeiture under 18 U.S.C. § 983, Civil Assets Forfeiture Reform Act of 2000, asserting an innocent owner's interest in monies seized by the Defendants, Oceanside Police Department ("OPD") and Drug Enforcement Administration ("DEA"). Before the Court are separate motions of the Defendants to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In the alternative, the DEA seeks transfer of this matter to the Southern District of California.

According to the parties' filings, on April 25, 2007, detectives from OPD arrested Bethany Thompson in Oceanside, California. During a search of her hotel room, officers located currency in the amount of $182,052.00, which was seized by the DEA based on the agency's determination that it was associated with drug transactions. Miller has alleged in this action that the funds were stolen from a business he owned in Jackson, Tennessee. On August 21, 2007, the funds were declared forfeited by the DEA pursuant to 21 U.S.C. § 881.

Because it is dispositive, the Court will address only the Defendants' arguments concerning

improper venue under Fed. R. Civ. P. 12(b)(3).  The Plaintiff bears the burden of demonstrating that venue is proper.  E.E.O.C. v. FPM Group, Ltd., ___ F. Supp. 2d ___, 2009 WL 3088808, at *4 (E.D. Tenn. Sept. 28, 2009).  In ruling on a Rule 12(b)(3) motion, "a court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff."  Id.

As § 983 has no venue provision, the general venue statute, 28 U.S.C. § 1391, applies here. Section 1391(e) provides that

> [a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

The last sentence of subsection (e) "distinguishes between certain federal defendants and all non-federal defendants.  While a plaintiff has several broad venue options regarding federal defendants, including the district in which the plaintiff resides, the statute imposes an additional burden on a plaintiff who wishes to join a non-federal defendant."  Knight v. Corp. for Nat'l & Cmty. Serv., No. Civ. A. 03-2433, 2004 WL 2415079, at *3 (E.D. Pa. Oct. 28, 2004); *see also* A.J. Taft Coal Co. v. Barnhart, 291 F. Supp. 2d 1290, 1307 n.16 (N.D. Ala. 2003) ("venue determinations for federal and non-federal defendants joined in the same action must be made separately[; for the federal defendant,] the appropriate venue provision is § 1391(e)[; for the non-federal defendant], the court looks to the general venue provision for federal question cases, § 1391(b)").

Here, subsection (e) permits the instant suit against the DEA assuming Miller resides in this judicial district.[1]  However, OPD is not an agency of the United States.  "Under the plain language of § 1391(e), a plaintiff must demonstrate that venue is proper as to each non-federal defendant in an action by relying on a separate venue provision."  Knight, 2004 WL 2415079, at *3; *see also* Overland, Inc. v. Taylor, 79 F. Supp. 2d 809, 812 (E.D. Mich. 2000) (in cases with multiple defendants, venue must be proper with respect to *all* defendants).  The provision of § 1391 governing venue with respect to OPD is found in subsection (b), which states that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Therefore, unlike § 1391(e), subsection (b) does not bestow venue in the judicial district in which the plaintiff resides.  Accordingly, venue is proper as to both the DEA and OPD only in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[2]

Drawing all reasonable inferences and resolving factual conflicts in favor of Miller, the Court

---

[1] Incredibly, the motion to set aside forfeiture contains no allegation whatever concerning where Miller resides.  It only asserts that he owns a business in Jackson, Tennessee.  For purposes of the instant motions, the Court is willing to assume he also resides in Jackson, Tennessee.

[2] While none of the parties discuss the interplay between subsections (e) and (b), the Plaintiff perhaps concedes this point, arguing with respect to venue only that "more than a substantial portion that gave rise to Plaintiff's claim occurred in Jackson Madison County, Tennessee."  (Ans. to Oceanside Police Dep't & Drug Enforcement Agency to Mot. to Dismiss or, in the Alternative, for Change of Venue at 1.)

concludes that a substantial part of the events giving rise to his claim did not occur in this judicial district. The only event that took place in this district was the alleged theft of the money from Miller's business. However, the basis for his claim is the seizure, which occurred in the Southern District of California. According to the DEA, all events relating to notice to potential owners of the funds occurred in California and the District of Columbia. Placement of the funds is currently in the Justice Department's Assets Forfeiture Fund in the District of Columbia. Thus, the Plaintiff has failed to establish this district as the proper venue. *See* Hernandez v. United States, No. C 07-05501 MEJ, 2009 WL 666947, at *2 (N.D. Cal. Mar. 13, 2009) (in action for return of seized currency, venue proper in district where seizure conducted by highway patrol officers occurred); Mendoza v. United States Custom & Border Protection, No. 05-6017 (GEB), 2007 WL 842011, at *2 (D.N.J. Mar. 19, 2007) (in action focused on disposition of funds seized from plaintiff during arrest in Pennsylvania and deposited into a federal reserve facility in Philadelphia, venue properly lay in Pennsylvania).

Where venue is improper, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision of whether to dismiss or transfer is within the district court's sound discretion." First of Mich. Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998). "Generally, doubts about whether to transfer or dismiss are usually resolved in favor of transfer because the interest of justice generally is better served by transfer." Krawec v. Allegany Co-op Ins. Co., No. 1:08-CV-2124, 2009 WL 1974413, at *3 (N.D. Ohio July 7, 2009) (citation and internal quotation marks omitted). Section 1406(a) does not require that the district court have personal jurisdiction over the defendants prior

to transfer. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67, 82 S. Ct. 913, 915-16, 8 L. Ed. 2d 39 (1962). The Court finds the harsh remedy of dismissal inappropriate. *See* Knight, 2004 WL 2415079, at *6 ("Dismissal [under § 1406(a)] is a disfavored remedy because of the strains it imposes on judicial and party resources").

As noted above, the DEA has moved in the alternative for transfer of venue to the Southern District of California under § 1406(a). In cases such as this one, where venue may be appropriate as to one defendant but not another, district courts in this circuit have turned to the Third Circuit's opinion in Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291 (3d Cir. 1994) for guidance. *See* Barnes Group, Inc. v. Midwest Motor Supply Co., Inc., No. 2:07-cv-1164, 2008 WL 509193, at *2 (S.D. Ohio Feb. 22, 2008); Costaras v. NBC Universal, Inc., 409 F. Supp. 2d 897, 908 (N.D. Ohio 2005); United States, ex rel. Hadid v. Johnson Controls, Inc., No. 04-60146, 2005 WL 1630098, at *7 (E.D. Mich. July 7, 2005); Tactive Inc. v. Zefer Corp., No. 2:01-CV-746, 2002 WL 1580537, at *5 (S.D. Ohio June 4, 2002); Overland, 79 F. Supp. 2d at 811-13. In Cottman, the court opined as follows:

> In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court has a choice. One option is to transfer the entire case to another district that is proper for both defendants. Another alternative is to sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district.
>
> In Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28 (3d Cir. 1993), we adopted the position "that [the court] should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places." When the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion."

Cottman, 36 F.3d at 296 (internal citations omitted).

5

As the Court is disinclined to conclude at this point that the conduct of OPD is not central to the issues raised by the Plaintiff, it finds that the better course of action is to transfer this matter in its entirety to the Southern District of California. The Southern District of California appears to be an appropriate forum in which jurisdiction would exist over both Defendants.[3] Based on the foregoing, the motions to dismiss are DENIED.[4] The DEA's alternative request that this matter be transferred to the Southern District of California is GRANTED. The Clerk of Court is therefore DIRECTED to transfer this case to the United States District Court for the Southern District of California.

IT IS SO ORDERED this 9th day of October, 2009.

> s/ J. DANIEL BREEN
> UNITED STATES DISTRICT JUDGE

---

[3] In so finding, the Court grants the request of OPD for judicial notice regarding the fact that it lies within the jurisdiction of the United States District Court for the Southern District of California.

[4] In light of the Court's finding that transfer of the case to another district is appropriate, it will not address the Defendants' contentions in favor of dismissal on the merits.