# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY WAYNE MILLER,<br><br>                Plaintiff,<br>vs.<br><br>OCEANSIDE POLICE DEPARTMENT and<br>DRUG ENFORCEMENT AGENCY,<br><br>                Defendants. | CASE NO. 09 CV 2265 JM (BLM)<br><br>**ORDER GRANTING DEFENDANT OCEANSIDE POLICE DEPARTMENT'S MOTION TO DISMISS**<br><br>Doc. No. 34 |

Plaintiff Billy Wayne Miller ("Miller") instituted this action to set aside the forfeiture of approximately $182,000 that was initially seized by Defendant Oceanside Police Department ("OPD"). Defendant Drug Enforcement Agency ("DEA") later forfeited the money pursuant to 19 U.S.C. § 1609.

Both Defendants filed motions to dismiss Miller's complaint. On December 1, 2009, Miller voluntarily dismissed DEA. Accordingly, the court has already denied DEA's motion to dismiss as moot. (Doc. No. 41). OPD's motion to dismiss, however, is still pending before the court. (Doc. No. 34). Miller filed belatedly filed his opposition on December 9, 2009. (Doc. No. 40). For the following reasons, the court hereby GRANTS OPD's motion to dismiss.

**I.    BACKGROUND**

In 2007, OPD arrested Bethany Thompson ("Thompson") in an Oceanside, California motel. (Doc. No. 1, Complaint, hereinafter "Compl.," at 2). OPD then searched two motel rooms registered

1  to Thompson. (Compl. at 3). Along with quantities of heroin and various drug paraphernalia, OPD
2  discovered and seized approximately $182,000 that it believed were the proceeds of narcotics sales.
3  (Compl. at 3-4). At some point during interrogations of Thompson and two other suspects, OPD
4  learned that the money may have belonged to Miller. (Compl. at 6-7).

5  OPD contacted Miller and informed him of the seizure. (Compl. at 7). Miller told OPD that
6  he was not involved in narcotics sales. (Compl. at 7). Rather, according to Miller, Thompson had
7  burglarized Miller's holistic medicine business and stolen the money. (Compl. at 7-8).

8  DEA later adopted the seizure of the money and, after sending notice to Thompson and
9  publishing notice in The Wall Street Journal, declared the money administratively forfeited pursuant
10 to 19 U.S.C. § 1609. (Doc. No. 31, Declaration of John Hieronymus). DEA did not send notice
11 directly to Miller.

12 **II.    LEGAL STANDARD**

13 A court should dismiss an action where a complaint fails to "state a claim upon which relief
14 can be granted." Fed. R. Civ. P. 12(b)(6). Therefore, a motion to dismiss should be granted where
15 the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal
16 theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating the claim
17 a court must "accept as true all of the allegations contained in [the] complaint." *Ashcroft v. Iqbal*, 129
18 S. Ct. 1937, 1949 (2009).

19 **III.   DISCUSSION**

20 18 U.S.C. § 983(d)(1) provides that, "[a]n innocent owner's interest in property shall not be
21 forfeited under any civil forfeiture statute." An innocent owner, like Miller alleges he is, may "file
22 a motion to set aside a forfeiture." 18 U.S.C. § 983(e)(1). That motion

23 shall be granted if—

24 (A) the Government knew, or reasonably should have known, of the
moving party's interest and failed to take reasonable steps to provide
25 such party with notice; and

26 (B) the moving party did not know or have reason to know of the seizure
within sufficient time to file a timely claim.

27 *Id.*

28 OPD argues that its motion to dismiss should be granted for at least two reasons. First, OPD

1   contends that it is not the "Government" for purposes of section 983. (Doc. No. 34, Motion to
2   Dismiss, hereinafter "Mot.," at 4). Rather, the United States is the "Government" referenced in
3   section 983 and therefore Miller's cause of action under section 983 can only be against the United
4   States. Second, OPD is not a proper defendant because OPD does not have the money. (Mot. at 5).
5   The money was administratively forfeited by DEA; therefore only DEA can set aside the forfeiture.
6   In essence, OPD contends that it is simply the wrong party and Miller has not therefore stated a claim
7   against OPD.

8   OPD's argument is persuasive. The repeated references in section 983 to the "Government"
9   do indeed refer to the United States. *See* 18 U.S.C. § 983. Furthermore, 19 U.S.C. § 1609—pursuant
10  to which the DEA forfeited the money—provides that "[t]itle shall be deemed to vest in the United
11  States." OPD did not institute the forfeiture proceedings and does not have title to the money.
12  Therefore, Miller has not stated a claim against OPD under section 983.

13  **IV.   CONCLUSION**

14  For the foregoing reasons, the court hereby GRANTS Defendant OPD's motion to dismiss.
15  As OPD is the only defendant remaining in the action, the Clerk of the Court is directed to close the
16  file.

17  **IT IS SO ORDERED.**

18  DATED: December 10, 2009

19  _____
20  Hon. Jeffrey T. Miller
    United States District Judge